IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-333-D

| | |
|---|---|
| STEVEN CONWAY, et al., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN JEROME PALCZUK, and ) | |
| KAREN ELIZABETH PALCZUK, ) | |
| ) | |
| Appellees. ) | |

On August 17, 2021, appellants (i.e., Steven Conway, Lori Conway, Lorcon, LLC #1, and Lorcon LLC #4) appealed the bankruptcy court's summary judgment order [D.E. 1-1], the bankruptcy court's order finding appellants in contempt and awarding $121,867.67 in sanctions to appellees (i.e., John Jerome Palczuk and Karen Elizabeth Palczuk) for appellants' violation of the bankruptcy court's discharge injunction under 11 U.S.C. § 524(a)(2) [D.E. 1-2], and the bankruptcy court's judgment of August 5, 2021 [D.E. 1-3]. See [D.E. 1]. On July 14, 2022, the court affirmed the bankruptcy court's judgment that appellants violated the bankruptcy court's discharge injunction, but the court vacated and remanded the contempt finding and award of sanctions for reconsideration under the correct legal standard.

On June 29, 2023, the bankruptcy court entered its final judgment. See Palczuk et al v. Conway et al., No: 19-1-8 (Bankr. E.D.N.C. June 29, 2023), [D.E. 254]. In the bankruptcy court's order accompanying the judgment, the bankruptcy court made detailed findings of fact and conclusions of law. The bankruptcy court held that the Palczuks would not recover sanctions but would keep their discharge. See id. at 7. The bankruptcy court absolved the appellants from contempt and sanctions liability. See id. The bankruptcy court also observed that appellants' plan

to appeal the dischargeability determination is unreasonable and probably futile. See id.; cf. Houck v. LifeStore Bank, 41 F.4th 266, 270–72 (4th Cir. 2022).

On July 11, 2023, appellants filed in this court a pro se motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), motion to extend the time to file a motion for rehearing under Federal Rule of Bankruptcy Procedure 8022, and notice of appeal [D.E. 31]. The court has reviewed appellants' pro se motion under the governing standard. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989).

Federal Rule of Civil Procedure 60 governs relief from judgment or order of a district court. See Fed. R. Civ. P. 60(b). Because appellants seek relief from the final judgment of the bankruptcy court, not this court, the court dismisses appellants' pro se motion for extension of time under Federal Rule of Civil Procedure 60(b)(4). Cf. In re Bli Farms, P'ship, 465 F.3d 654, 658 (6th Cir. 2006); In re Butler, Inc., 2 F.3d 154, 155 (5th Cir. 1993); Reynolds v. Md. Dep't of Labor, Licensing & Regulation, No. 17-3158, 2018 WL 5045192, at *1 (D. Md. Oct. 16, 2018) (unpublished), reh'g denied sub nom. Reynolds v. Maryland, No. 17-3158, 2019 WL 1590097 (D. Md. Apr. 11, 2019) (unpublished).

Federal Rule of Bankruptcy Procedure 8022 provides that a motion for rehearing by the district court or Bankruptcy Appellate Panel must be filed within 14 days after entry of judgment on appeal. See Fed. R. Bankr. Appeal 8022. Because appellants seek relief from the final judgment of the bankruptcy court, not a final judgment on appeal from this court or a Bankruptcy Appellate Panel, the court dismisses appellants' pro se motion for rehearing under Federal Rule of Bankruptcy Procedure 8022. See id.

In sum, the court DISMISSES appellants' pro se motion under Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Bankruptcy Procedure 8022 [D.E. 31]. The court construes appellants' pro se filing as a notice of appeal, and the appeal remains pending.

SO ORDERED. This 17 day of August, 2023.

                                                           JAMES C. DEVER III
                                                         United States District Judge

3