IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-333-D

| STEVEN CONWAY, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Appellants, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| JOHN JEROME PALCZUK, and, | ) |  |
| KAREN ELIZABETH PALCZUK, | ) |  |
|  | ) |  |
| Appellees. | ) |  |

Steven Conway and Lori Conway ("Conways") have been litigating against John Jerome Palczuk and Karen Elizabeth Palczuck ("Palczucks") for years. This appeal is the latest chapter. On August 17, 2021, the Conways filed this appeal, seeking review of the bankruptcy court's summary judgment order holding the Conways in contempt for violating the bankruptcy court's discharge injunction and awarding $121,867.67 in sanctions against the Conways [D.E. 1]. On July 14, 2022, this court affirmed the bankruptcy court's judgment that the Conways violated the bankruptcy court's discharge injunction, but vacated and remanded the contempt finding and award of sanctions [D.E. 29].

On January 24, 2024, the Conways moved pro se for the court to reopen this case under Federal Rule of Civil Procedure 60(b)(4) and alleged that the judgments of the bankruptcy court are void for procedural due process violations [D.E. 38]. The Conways filed several exhibits in support [D.E. 38-1 through 38-8]. On January 26, 2024, the Conways amended the motion [DE. 39]. On February 1, 2024, the Palczuks responded in opposition to the amended motion [D.E. 40]. On February 22, 2024, the Conways replied [D.E. 41] and asked the court to consider their reply

timely [D.E. 42]. On February 23, 2024, the Palczuks responded in opposition to the motion to consider the reply timely [D.E. 43]. On March 1, 2024, the Conways replied [D.E. 44]. As explained below, the court grants the Conways' motion to consider their reply timely and dismisses the Conways' motions to reopen the case.[1]

I.

On May 25, 2011, the Palczuks filed for Chapter 11 bankruptcy. See 5:23-CV-501 [D.E. 16] 5. On January 5, 2012, the bankruptcy court confirmed the Palczuks' Chapter 11 Plan ("the Plan"), which provided for a discharge under 11 U.S.C. § 1141(d)(5)(A) and included a waiver and release of the right to pursue litigation and causes of action against the Palczuks. See id. On November 29, 2012, the Palczuks completed payments under the Plan and received a discharge. See id.; 11 U.S.C. § 1141(d)(5)(A). On January 30, 2013, the bankruptcy court closed the Palczuks' case. See 5:23-CV-501 [D.E. 16] 5. The Conways did not file a proof of claim, object to the Palczuks' discharge or Plan, or otherwise participate in the Palczuks' bankruptcy case. See id. at 39–40.

In 2017, the Conways filed a complaint with the North Carolina Secretary of State concerning their investment in a failed business venture of the Palczuks. See id. at 40. The investment and venture preceded the Palczuks' bankruptcy case. See id. at 7, 39–40. In 2017, in North Carolina state court, the Palczuks each entered an Alford plea to one charge of selling unregistered securities. See id. at 40.[2] On October 24, 2018, the Conways filed a lawsuit against the Palczuks in Guilford County Superior Court asserting nine causes of action concerning the

---

[1] For simplicity, any standard [D.E.] citation is to the docket in case number 5:21-CV-333. Any citation to related dockets will contain the case number for that related docket.

[2] See North Carolina v. Alford, 400 U.S. 25, 37 (1970).

failed business venture and alleged, inter alia, that the Palczuks' alleged debts were nondischargeable under 11 U.S.C. § 523(a)(19). See id.

On February 5, 2019, the bankruptcy court granted the Palczuks' motion to reopen the Palczuks' bankruptcy case. See id. On April 4, 2019, the Palczuks filed a complaint against the Conways in the bankruptcy court requesting a determination that no debts allegedly owed to the Conways were nondischargeable under 11 U.S.C. § 523(a)(19) and requesting sanctions against the Conways for willfully violating the discharge injunction. See id.; [D.E. 11-1] 7. On September 25, 2020, the bankruptcy court granted summary judgment to the Palczuks but did not determine damages. See [D.E. 11-6] 9–28. On October 3, 2020, the Conways appealed. See id. at 30. On January 22, 2021, this court dismissed the Conways' interlocutory appeal for lack of subject-matter jurisdiction. See Conway v. Palczuk, No. 5:20-CV-538, 2021 WL 232123, at *1 (E.D.N.C. Jan. 22, 2021) (unpublished).

On August 5, 2021, the bankruptcy court entered summary judgment in favor of the Palczuks and ordered the Conways to pay $121,867.67 in sanctions for violating the Palczuks' discharge injunction. See [D.E. 11-6] 122–31. On August 17, 2021, the Conways appealed. See [D.E. 1]. On July 14, 2022, this court affirmed the bankruptcy court's finding that the Conways violated the discharge injunction but vacated and remanded the action to reconsider the contempt finding and award of sanctions. See Conway v. Palczuk, 615 F. Supp. 3d 387, 393–94 (E.D.N.C. 2022); [D.E. 29].

On March 7 and April 4, 2023, the bankruptcy court conducted a trial concerning the Palczuks' request for sanctions. See 5:23-CV-501 [D.E. 16] 37. On June 29, 2023, the bankruptcy court entered judgment in favor of the Conways, finding them not liable for civil contempt damages. See id. at 36–45. On July 5, 2023, the Conways' counsel moved to withdraw. See 5:23-

3

CV-501 [D.E. 15] 3. On July 18, 2023, the bankruptcy court granted the motion to withdraw. See id. at 4.

On July 10, 2023, the Conways filed a pro se motion to extend all deadlines in the bankruptcy court. See id. at 3–4. On July 31, 2023, the bankruptcy court denied the Conways' pro se motion as to the Lorcon entities. See id. at 4.[3] On August 7, 2023, after a hearing, the bankruptcy court denied the Conways' pro se motion as to the Conways. See id.

On July 11, 2023, the Conways, proceeding pro se, moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), moved to extend the time to file a motion for rehearing under Federal Rule of Bankruptcy Procedure 8022, and filed a notice of appeal in closed case number 5:21-CV-333. See [D.E. 31]. On August 17, 2023, this court dismissed the Conways' pro se motion and construed it as a notice of appeal. See [D.E. 32]. On August 28, 2023, the Conways moved in the closed case to extend the time to file their designation of the record on appeal. See [D.E. 33]. On August 29, 2023, the court directed the Clerk of Court to transmit the Conways' notice of appeal to the bankruptcy court and denied as moot the Conways' motion for extension of time. See [D.E. 34]. On September 8, 2023, the Conways moved for an extension of time to file their appeal and designation of the record. See [D.E. 35]. On September 29, 2023, the court denied the motion. See [D.E. 37].

On September 11, 2023, the Conways filed a pro se notice of appeal in case number 5:23-CV-501. See 5:23-CV-501 [D.E. 1]. On October 10, 2023, the Palczuks moved to dismiss the appeal, citing the Conways' "disregard for orders of the court and inexcusable delay in this case." 5:23-CV-501 [D.E. 15] 1. On December 6, 2023, this court granted the motion concerning the

---

[3] The Lorcon entities are Lorcon, LLC #1 and Lorcon, LLC #4, which the Conways control.

4

Lorcon entities, but denied the motion concerning the Conways individually. See 5:23-CV-501 [D.E. 18]. On January 24, 2024, the Conways filed their current motion under Rule 60(b)(4) to reopen case number 5:21-CV-333. See [D.E. 38, 39].

II.

Federal Rule of Civil Procedure 60(b) does not generally apply in appellate bankruptcy proceedings. "Appeals of bankruptcy judgments to district courts are governed by Part VIII of the Federal Rules of Bankruptcy Procedure [and] . . . Part VIII does not incorporate Fed. R. Civ. P. 60." Ben–Baruch v. Island Properties, 362 B.R. 565, 566 (E.D.N.Y. 2007). Although Bankruptcy Rule 9024 makes Rule 60 applicable to cases arising under the Bankruptcy Code, Rule 60 as applied by Bankruptcy Rule 9024 generally applies only to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellate jurisdiction in a bankruptcy case. Id.; see English–Speaking Union v. Johnson, 353 F.3d 1013, 1019 (D.C. Cir. 2004); Butler v. Merchs. Bank & Trust Co. (In re Butler), 2 F.3d 154, 155 (5th Cir. 1993); Aycock v. Eaton (In re Eichelberger), 943 F.2d 536, 538 n.3 (5th Cir. 1991); In re Lisanti Foods, Inc., No. Civ.A.04–3868, 2006 WL 2927619, at *2 (D.N.J. Oct. 11, 2006) (unpublished); In re Brenner, No. Civ.A.89–8322, 1991 WL 239942, at *1–2 (E.D. Pa. Nov. 8, 1991) (unpublished); In re Conn Aire, Inc., 91 B.R. 462, 462 n.2 (M.D. Tenn. 1988); In re Shiflett, No. Civ.A.87–719, 1988 WL 62508, at *1 (D. Md. June 9, 1988) (unpublished); see also In re Bli Farms P'ship, 465 F.3d 654, 657–58 (6th Cir. 2006); In re W.R. Grace & Co., 476 B.R. 114, 120 (D. Del. 2012). Thus, a disappointed litigant should file a Rule 60 motion, as applied through Bankruptcy Rule 9024, in the bankruptcy court. See In re Bli Farms, P'ship., 465 F.3d at 658; In re G.A.D., Inc., 340 F.3d 331, 334, 335–37 (6th Cir. 2003); In re Butler, 2 F.3d at 155.

On August 17, 2023, this court dismissed the Conways' Rule 60 motion after the

5

bankruptcy court issued its final judgment. See [D.E. 32]. The Conways' motion that prompted the court's order asked for "additional time to file their Motion for Rehearing 8022 and/or Motion Relief from Judgment under Rule 60(b)(4) and Notice of Appeal with this Court." [D.E. 31] 2–3. The Conways were not presenting arguments to reopen a closed case based on due process violations. The only procedural request in the Conways' motion concerned the notice of appeal, which is why this court denied the Rule 60 motion and Bankruptcy Rule 8022 motion at that time. See [D.E. 32] 2.

In the Conways' most recent Rule 60 motions, the Conways ask the court to reopen the case in order to resolve a Rule 60(b)(4) motion predicated on alleged due process violations that void the judgments of the bankruptcy courts. See [D.E. 39] 2. Rule 60 governs relief from judgment or order of a district court. See Fed. R. Civ. P. 60(b). A party can use Rule 60 to challenge a final judgment of a bankruptcy court under the authority of Bankruptcy Rule 9024, but a party must file the motion in the bankruptcy court rather than in the district court. See, e.g., In re Bli Farms, P'ship., 465 F.3d at 658. Once the bankruptcy court rules on such a motion, the party may appeal to the district court. See, e.g., In re G.A.D., Inc., 340 F.3d at 335–37. The Conways understand this process. See, e.g., Conway v. Heyl (In re Heyl), 770 F.3d 729, 730 (8th Cir. 2014) (per curiam). Accordingly, the court again dismisses the Conways' pro se motions under Rule 60(b)(4).

Alternatively, if the Conways' motions were procedurally proper, the Conways forfeited their due process arguments by failing to raise them before the bankruptcy court and then on appeal. See, e.g., Hamer v. Neighborhood Hous. Servs., 583 U.S. 17, 20 n.1 (2017) (forfeiture "is the failure to make the timely assertion of a right") (quotation omitted); Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999) superseded on other grounds by statute;

6

Molinary v. Powell Mt. Coal Co., 76 F. Supp. 2d 695, 702 (W.D. Va. 1999). Now, the Conways argue that the bankruptcy court violated their due process rights by discharging a debt under 11 U.S.C. § 523(a) without the adversary proceeding required by Rule 7001(6). See [D.E. 39] 3. The Conways should have presented those arguments in the adversary proceeding in the bankruptcy court. See, e.g., In re Bestway Products, Inc., 151 B.R. 530, 538–39, 541–42 (Bankr. Ct. E.D. Cal. 1993). They did not and cannot do so now. Moreover, on appeal, the Conways argued that the bankruptcy court erred by holding that it had exclusive jurisdiction over the issue of dischargeability, but they did not raise their due process arguments in the bankruptcy court or on appeal. See [D.E. 23] 16–19; cf. [D.E. 27] 2.

Next, the Conways argue that the bankruptcy court violated their due process rights because the bankruptcy court never allowed them to litigate their claims before the bankruptcy court granted the discharge order. See [D.E. 41] 6. That very issue, however, "whether a creditor asserting a claim under 11 U.S.C. § 523(a)(19) must obtain a judgment against a debtor prior to entry of that debtor's discharge to preserve the creditor's § 523(a)(19) claim," is the central focus of the Conways' direct appeal in case number 5:23-CV-501. See 5:23-CV-501 [D.E. 50] 2, 7. Accordingly, the bankruptcy court and this court have heard and resolved this issue. The Conways just do not like the answer. This court rejects the Conways' attempt to use the due process clause to avoid this court's interpretation of 11 U.S.C. § 523(a)(19).

Alternatively, the Conways' due process claims fail. In United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010), the Court considered whether a creditor with notice of a bankruptcy plan to discharge student loan debt could later argue that the discharge order was void under Rule 60(b)(4) because the bankruptcy court failed to make the statutorily required finding of undue hardship before the discharge. See id. at 269–78. The Court held that the bankruptcy court's failure

7

to grant the creditor "a right granted by a procedural rule [i.e., Fed. R. Bankr. P. 7004(b)(3)]," did not violate the creditor's due process rights when the creditor had "actual notice of . . . Espinosa's plan," and "could have timely objected . . . and appealed from an adverse ruling on its objection." Id. at 272 (emphasis omitted). The Court also held that the failure of the bankruptcy court to make required statutory finding to support discharge under the plan did not render subsequent confirmation of the plan void under Rule 60(b)(4). See id. at 273–74. The Court affirmed the reinstatement of the discharge injunction. See id. at 278; Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1205 (9th Cir. 2008).

The Conways complain that the bankruptcy court failed to adhere to specific procedures when the court discharged the contested debts and enforced the discharge injunction. The Conways had notice of the original bankruptcy plan and were heard in adversary proceedings when the Palczuks sought a declaratory judgment that the Conways' debt was dischargeable and subject to the injunction. The Conways' due process claims fail. See Espinosa, 559 U.S. 260.

III.

In sum, the court GRANTS appellants' motion to consider the reply timely [D.E. 42] and DISMISSES appellants' motions to reopen this case under Federal Rule of Civil Procedure 60(b)(4) [D.E. 38, 39].

SO ORDERED. This 9 day of May, 2024.

/s/ Dever
JAMES C. DEVER III
United States District Judge